UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AMAR GUEYE, *et al.*, | : | Case No. 1:06-cv-571 |
| | : | |
| Plaintiffs, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| THOMAS M. COOLEY LAW | : | |
| SCHOOL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Docs. 8 & 11) SHOULD BE GRANTED; (2) THE CLAIMS AGAINST DEFENDANT MICHIGAN DEPARTMENT OF CIVIL RIGHTS SHOULD ALSO BE DISMISSED FOR LACK OF PERSONAL JURISDICTION; (3) THE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. 18) SHOULD BE DENIED AS MOOT; AND(4) THIS CASE SHOULD BE CLOSED.**

This civil rights case is before the Court on Defendants' motions to dismiss for lack of jurisdiction.  (Docs. 8, 11, 18.)  For the reasons that follow, the motions to dismiss for lack of personal jurisdiction (Docs. 8, 11) should be granted; the motion to dismiss for lack of subject matter jurisdiction (Doc.18) should be denied as moot; and this case should be closed.

## I.  BACKGROUND

Plaintiff Amar Gueye, an African-American Muslim born in Senegal, initiated this action by filing a *pro se* complaint against three defendants:  the Thomas M. Cooley Law

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

School, the Lansing (Michigan) Police Department, and the Michigan Department of Civil Rights. (Doc. 1.) Seeking monetary relief, Plaintiff claims that Defendants discriminated against him on the basis of race, religion and national origin.

Plaintiff alleges that the law school failed to process his student loan and wrongly accused him of failing to attend classes and to submit written assignments. (*Id.* at p. 3.) He also alleges that when he protested about a grade change, the law school contacted the Lansing Police Department. (*Id.*)

The police allegedly followed him and subjected him to an improper stop, search, and interrogation. (*Id.*) Plaintiff further alleges that the police denied his request for an attorney, destroyed his personal property, and took money from him. (*Id.* at p. 4.)

Plaintiff alleges that he filed a complaint with the Michigan Department of Civil Rights against the law school and the police department, but that the Department mishandled his complaint. (*Id.*)

Each Defendant has filed a motion to dismiss for lack of jurisdiction. The police department and the law school each seek dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. (Docs. 8, 11.) Alternatively, the police department requests a transfer of venue to the United States District Court for the Western District of Michigan. (*See* Doc. 8 at p. 2.) The Michigan Department of Civil Rights seeks dismissal for lack of subject matter jurisdiction and asserts that it is entitled to absolute immunity from suit under the Eleventh Amendment. (Doc. 18.)

2

## II.  STANDARD OF REVIEW

Upon review of a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, the Court looks only to the pleadings and affidavits of the nonmoving party and does not consider the moving party's conflicting assertions.  *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).  The Court construes the facts in the light most favorable to the nonmoving party.  *See id.*; *see also Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991).  Although the  party defending against the motion bears the burden of showing that personal jurisdiction exists, a *prima facie* showing of personal jurisdiction is all that is required.  *See Bird*, 289 F.3d at 871.  A dismissal for lack of jurisdiction is a dismissal without prejudice.  *See Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (holding that "dismissals for lack of personal jurisdiction should be made 'without prejudice' "); *Holloway v. Brush*, 220 F.3d 767, 778 (6th Cir. 2000) (holding that "a dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits for preclusive purposes").

Generally, to determine whether personal jurisdiction over a named defendant exists, the Court looks to the law of the forum state to determine whether the exercise of jurisdiction is proper under the state's long-arm statute.  *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000).  The court next determines whether the exercise of jurisdiction meets constitutional due process requirements.  *Id.*  Both prongs of the analysis must be met.  *See General Acquisitions Inc. v. GenCorp Inc.*, 766 F. Supp. 1460, 1485 (S.D. Ohio 1990).

This Court lacks personal jurisdiction over all three named Defendants because Plaintiff did not allege sufficient facts to satisfy the Ohio long-arm statute.  The statute provides as follows:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
>
> (2) Contracting to supply services or goods in this state;
>
> (3) Causing tortious injury by an act or omission in this state;
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
>
> (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;
>
> (8) Having an interest in, using, or possessing real property in this state;
>
> (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

4

Ohio Rev. Code Ann. § 2307.382(A).

Plaintiff failed to allege any facts to show that the requirements of the statute are met.  Indeed, Plaintiff concedes that all of the actions alleged in the complaint occurred in the state of Michigan.  (*See* Doc. 14 at p. 2.)  He argues, instead, that Defendants are subject to personal jurisdiction by a federal court sitting in Ohio because the issues presented are regulated by federal law, *e.g.*, the civil rights statutes and the Patriot Act.[2] (*See id.*)  His argument is unavailing.

In certain cases, a federal court sitting pursuant to federal question jurisdiction may exercise personal jurisdiction based on a congressionally authorized nationwide service of process provision, rather than the nonresident's contacts with the forum state. *See, e.g., Medical Mut. of Ohio v. deSoto,* 245 F.3d 561, 567-68 (6th Cir. 2001) (discussing ERISA's national service of process provision, 29 U.S.C. § 1132(e)(2)).  The civil rights statutes upon which Plaintiff relies (*see* Doc. 1 at p. 5), however, do not confer *in personam* jurisdiction nor provide for nationwide service.  *See Catrone v. Ogden Suffolk Downs, Inc.*, 647 F. Supp. 850, 856 (D. Mass. 1986); *Martin v. Delaware Law School of Widener*, 625 F. Supp. 1288, 1294 (D. Del. 1985).  Thus, to proceed on his claims in this Court, Plaintiff must satisfy the Ohio long-arm statute.  He has failed to do so.

---

[2] Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 (USA PATRIOT ACT),  PL 107-56, 2001 HR 3162, 115 Stat. 272, 291 (October 26, 2001).

Plaintiff's reliance on the Patriot Act is also unavailing.  While he not only failed to explain which provision of the Act was allegedly violated, *see Drake v. Enyart*, No. 3:06CV-217-S, 2006 WL 3524109, at *5 (W.D. Ky. Dec. 4, 2006), no private cause of action exists to enforce the Act.  *See id.* (citing *Medical Supply Chain, Inc. v. Neoforma, Inc.*, 419 F. Supp. 2d 1316, 1330 (D. Kan. 2006)); *see also Ibn-Duriya v. Curry*, No. 3:06-CV-473-S, 2007 WL 1191715, at *2 (W.D. Ky. Apr. 18, 2007).

Accordingly, the two motions to dismiss for lack of personal jurisdiction should be granted; and claims against the Thomas M. Cooley Law School and the Lansing (Michigan) Police Department should be dismissed.

The claims against the Michigan Department of Civil Rights should also be dismissed for lack of personal jurisdiction.  Although this Defendant sought dismissal on the alternative grounds that it is entitled to absolute immunity, the Court should not, and need not, reach the merits of this argument because "[w]ithout personal jurisdiction[,] 'the court is powerless to proceed to an adjudication.'" *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 903-04 (6th Cir 2006) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).  Moreover, "[p]ersonal jurisdiction must be analyzed and established over each defendant independently." *Id.* at 904 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, (1985)).  Because Plaintiff has failed to allege any facts to show that the Michigan Department of Civil Rights had sufficient contacts with Ohio to satisfy its long-arm statute, the Court lacks personal jurisdiction over this Defendant.

## VI.  CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that:

1.      The Lansing Police Department's motion to dismiss (Doc. 8) should be

**GRANTED**, and claims against it should be **DISMISSED without**

**prejudice**;

2.      The Thomas M. Cooley Law School's motion to dismiss (Doc. 11) should

be **GRANTED**; and claims against it should be **DISMISSED without**

**prejudice**;

3.      Claims against the Michigan Department of Civil Rights should be

**DISMISSED without prejudice for lack of personal jurisdiction**, and the

motion to dismiss for lack of subject matter jurisdiction (Doc. 18) should be

**DENIED as moot**; and

4.      As no further matters are pending for this Court's review, the case should

be **CLOSED**.


Date:  _10/3/07_____                              s/Timothy S. Black_____
                                                     Timothy S. Black
                                                     United States Magistrate  Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AMAR GUEYE, *et al.*, | : | Case No. 1:06-cv-571 |
| | : | |
| Plaintiffs, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| THOMAS M. COOLEY LAW | : | |
| SCHOOL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).