```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

AMAR GUEYE, et al.,            :
                               :      NO. 1:06-CV-00571
        Plaintiffs,            :
                               :
    v.                         :
                               :      **OPINION AND ORDER**
THOMAS M. COOLEY LAW           :
SCHOOL, et al.,                :
                               :
        Defendants.            :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 26), Plaintiffs' Objection (doc. 27), and Defendant Thomas M. Cooley Law School's Response (doc. 28). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation.

**I. Background**

Plaintiff Amar Gueye ("Gueye"), an African-American Muslim born in Senegal, initiated this lawsuit by filing a pro se Complaint against three defendants: the Thomas M. Cooley Law School ("Law School"), the Lansing (Michigan) Police Department, and the Michigan Department of Civil Rights (doc. 1). Gueye claims Defendants discriminated against him on the basis of race, religion, and national origin (Id.). Defendants' alleged wrongdoing took place in Michigan, in connection with Plaintiff Gueye's attendance at, and complaints against, Defendant Law School (Id.). Gueye alleges that after he protested his treatment at the

Law School, the Law School contacted the Lansing Police Department, which subjected Gueye to an improper stop, search, and interrogation (Id.). Gueye alleges that he filed a complaint with the Michigan Department of Civil Rights, but that the Department mishandled his complaint (Id.). The Police Department and Law School each filed motions to dismiss for lack of personal jurisdiction (docs. 8, 11). The Michigan Department of Civil Rights filed a motion to dismiss for lack of subject matter jurisdiction, claiming immunity from suit under the Eleventh Amendment (doc. 18).

**II. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge reported that under the applicable standard of Fed. R. Civ. P. 12(b)(2), when analyzing a motion to dismiss for lack of personal jurisdiction, the Court looks only to the pleadings and affidavits of the nonmoving party and construes the facts in the light most favorable to the nonmoving party (doc. 26, citing Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002) and Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991)). The Magistrate Judge further noted that a dismissal for lack of personal jurisdiction is a dismissal without prejudice (Id., citing Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)).

The Magistrate Judge stated that although in certain cases a federal court may exercise personal jurisdiction based on a congressionally authorized nationwide service of process

provision, generally, the long-arm statute of the forum state governs the determination of whether the Court has personal jurisdiction over a party (doc. 26). The Magistrate Judge reported that Plaintiffs contend that the Ohio long-arm statute does not apply because the case involves allegations of violations of federal civil rights statutes and the Patriot Act (Id.). The Magistrate Judge considered and rejected Plaintiffs' argument, concluding that the civil rights statutes upon which Plaintiffs rely do not confer in personam jurisdiction nor provide for nationwide service of process (Id., citing Catrone v. Ogden Suffolk Downs, Inc., 647 F.Supp. 850, 856 (D. Mass. 1986), and Martin v. Delaware Law School of Widener, 625 F.Supp. 1288, 1294 (D.Del. 1985)). The Magistrate Judge also concluded that no private cause of action exists to enforce the Patriot Act (Id., citing Drake v. Enyart, No. 3:06CV-217-S, 2006 WL 3524109, at *5 (W.D.Ky. Dec. 4, 2006)). Accordingly, the Magistrate Judge concluded that this Court could only have personal jurisdiction over Defendants if Plaintiffs alleged facts sufficient to satisfy Ohio's long-arm statute, Ohio Rev. Code Ann. §2307.382(A) (Id.).

Having reviewed the record, the Magistrate Judge concluded that the Plaintiffs' allegations are insufficient to satisfy the Ohio long-arm statute (Id.). As such, he recommended the Court grant the Law School and the Lansing Police Department's motions to dismiss for lack of personal jurisdiction and dismiss

the claims against those two defendants (Id.). Furthermore, although Defendant Michigan Department of Civil Rights did not file a motion to dismiss for lack of personal jurisdiction, the Magistrate Judge noted that this Court has the authority to consider the issue sua sponte (Id., citing Days Inn Worldwide, Inc. v. Patel, 445 F.3d 899, 903-04 (6th Cir. 2006), Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999), and Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). The Magistrate Judge concluded that Plaintiffs have failed to allege any facts showing that the Michigan Department of Civil Rights had sufficient contacts with Ohio to satisfy the Ohio long-arm statute, and therefore this Court lacks personal jurisdiction over this Defendant (Id.). The Magistrate Judge therefore recommended the dismissal of the claims against the Michigan Department of Civil Rights for lack of personal jurisdiction, and recommended the Court deny as moot its Motion to Dismiss for lack of subject matter jurisdiction (Id.).

**III. Plaintiffs' Objections**

Plaintiffs filed a Memorandum in Support of their Objection on October 15, 2007 (doc. 27). Plaintiffs' objections may be grouped and summarized as follows: (1) Plaintiffs argue they did in fact "explicitly identify" sufficient facts supporting the allegations of violations of federal laws including the Patriot Act, (2) Defendants' alleged egregious conduct should result in a

4

forfeiture of their rights to raise the issue of personal jurisdiction, (3) this Court is a proper venue for this action, (4) Defendants should not be allowed to change venue at this time over Plaintiffs' objections, (5) Plaintiffs' claims cannot be fairly heard in Michigan, and should be heard before this Court in the interests of justice and convenience to Plaintiffs, and (6) the Magistrate Judge's Report and Recommendation is the product of racial and religious bigotry.

Plaintiffs claim they did "explicitly identify all the facts supporting the charges against each defendant and their violations of Plaintiff [Amar Gueye's] constitutional rights along with the transgression all [sic] the federal laws including the U.S. Patriot Act" (doc. 27). The Objection makes no further mention of these supporting facts.

Plaintiffs claim the Magistrate's recommendation is erroneous because the defendants have "deliberately forfeited and waived their rights" to raise the issue of lack of personal jurisdiction by acting with gross negligence and with "deliberate violation of state and federal laws" (Id.). Plaintiffs also suggest that once the State of Michigan or its agencies act to violate Gueye's civil and constitutional rights, the venue rules of Michigan are superceded by federal venue rules. Plaintiffs do not cite any law supporting these propositions.

Plaintiffs cite to 28 U.S.C. §1472 and North Carolina

statutes and case law to support his contention that venue is proper in the Plaintiffs' district of residence and the principal place of the Plaintiffs' business (Id.). Plaintiffs argue that because Plaintiff Amar Gueye lives in Ohio and operates a business based in Ohio, this Court is a proper venue for this case (Id.).

Plaintiffs argue Defendants have forfeited their rights to change venue by acting tortiously, discriminatorily, and in bad faith (doc. 27, citing Cox v. State, 8 Tex. App. 254 (Tx. Ct. App. 1880). Plaintiffs further argue that "the state cannot be granted a motion for a change of venue over the accused's objection without there first being an effort to obtain a jury," and that such an error is subject to review on mandamus (Id., citing Glinnan v. Phelan, 173 Mich. 647 (Mich. 1913)). Plaintiffs also state that the right to change venue is conferred equally upon both sides (Id., citing State ex. rel. Hornbeck v. Durflinger, 76 N.E. 291 (Ohio 1905)).

Plaintiffs argue that Defendant Lansing Police Department's treatment of Plaintiff Amar Gueye, including "being detained in handcuffs and interrogated as an Osama Bin Laden" and not being allowed to speak to legal counsel, indicates that the Plaintiffs cannot receive a fair and impartial trial in Michigan (doc. 27).

Finally, Plaintiffs allege the Magistrate Judge's Recommendations were informed by bias and prejudice against

6

Plaintiffs, and an attempt to "discriminately [sic] deny a United State's [sic] Muslim citizen the rights for due process and fair trial" (doc. 27). Plaintiffs characterize the Magistrate Judge's recommendation as "gross abuse of the court's discretion" and "monumental legal error" (Id.).

**IV. Defendant Thomas M. Cooley Law School's Reply**

In its Response to Plaintiffs' Objections, Defendant Law School reiterates that this Court lacks personal jurisdiction over the Law School because Plaintiffs did not allege sufficient facts to satisfy the Ohio long-arm statute (doc. 28). Defendant Law School asserts that it has not forfeited any legal rights to raise the issue of personal jurisdiction (Id.). Furthermore, the Law School notes that Plaintiffs concede that all of the events alleged in the complaint occurred in the State of Michigan, and the Law School argues that it has no connection to Ohio (Id.).

**V. Discussion**

Having reviewed this matter de novo, consistent with Fed. R. Civ. P. 72(b), the Court finds the Magistrate Judge's Report and Recommendation well-taken in all respects. The Court further finds Plaintiffs' objections bordering on the scurrilous. The Magistrate Judge's decision was not the product of bias or prejudice against Gueye because of his race or religion. Rather, the Magistrate Judge's Report and Recommendation rests on solid legal analysis, and should be, and hereby is, adopted and affirmed.

7

The Court finds well-taken the Magistrate Judge's analysis on personal jurisdiction. Plaintiffs' allegations of violations of civil rights laws and the USA Patriot Act do not exempt this Court from the burden of using Ohio's long-arm statute to find personal jurisdiction over the Michigan Defendants. The Magistrate Judge correctly applied Ohio's long-arm statute to each of the defendants who had filed motions to dismiss for lack of personal jurisdiction, as well as the Michigan Department of Civil Rights. As the Magistrate Judge concluded, Plaintiffs have failed to allege sufficient facts to satisfy the Ohio long-arm statute, and this Court's jurisdiction over all Defendants is improper.

In his Memorandum in Support of Objection, Plaintiffs assert they did in fact "explicitly identify all the facts" supporting the allegations of violations of federal laws including the Patriot Act (doc. 27). However, this Court's _de novo_ review of the pleadings reveals no legal basis for finding that the Patriot Act provides Plaintiffs with a cause of action in this case or provides for nationwide service of process.

Plaintiffs' second objection misapprehends the principles of personal jurisdiction in the federal courts. This is not a matter of Michigan law, but a matter of federal jurisdictional law. Whatever the truth of Plaintiffs' allegations, there is no evidence that Defendants have somehow waived their rights to raise the issue of personal jurisdiction, or have in any way consented to having

this matter adjudicated in the Southern District of Ohio.

The Plaintiffs' third objection, that this Court is a proper venue because of Plaintiffs' residence, is unfounded. Plaintiffs' reliance on North Carolina law and on 28 U.S.C. 1472, which is not current law and dealt only with venue for filing petitions for bankruptcy, is not on point.

The Plaintiffs' fourth objection, discussing transfer of venue, is also unfounded. Contrary to Plaintiffs' suggestions in their Objection, the Magistrate Judge has recommended dismissal without prejudice, not a transfer of venue. Simply put, this Court does not have jurisdiction to adjudicate Plaintiffs' claims against these Michigan defendants. Since this is not a transfer of venue issue, the Texas, Michigan, and Ohio case law cited by Plaintiffs are not on point.

While Plaintiffs allege prejudice by Defendants, there is no indication that Plaintiffs will be unable to receive fair and impartial adjudication of their claims in the State of Michigan. Whatever bias or prejudice, if any, may exist among Defendants, such bias and prejudice cannot be imputed to the judicial system of Michigan. Plaintiff's fifth objection is without basis or substantiation.

In summary, the Magistrate's Report and Recommendation was not the product of bias or prejudice, and Plaintiffs' allegations to the contrary in their sixth objection have no basis

in fact.  The Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned.  For the reasons stated above, the plaintiffs' claims are properly dismissed for lack of personal jurisdiction.

**VI. Conclusion**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds correct the Magistrate Judge's Report and Recommendation (Id.).  The Court finds absolutely no basis for Plaintiffs' contention that the Magistrate Judge's Report and Recommendation constitutes gross legal error.  Courts decide cases on the facts and the law, not on the race, ethnicity, national origin, or religion of the parties.  The Magistrate Judge in this instance based his recommendation on sound legal reasoning.  Mr. Gueye is instructed not to make unfounded outrageous accusations in his pleadings.

Accordingly, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation (Id.), AFFIRMS the Magistrate Judge's recommended decision (Id.), GRANTS the Lansing Police Department's Motion to Dismiss (doc. 8), and DISMISSES without prejudice all claims against the Lansing Police Department.  The Court further GRANTS The Thomas M. Cooley Law School's Motion to Dismiss (doc. 11), and DISMISSES without prejudice the claims against the law school.  Finally, The Court DISMISSES the claims against Defendant Michigan Department of Civil Rights for lack of personal jurisdiction, and DENIES as moot the Motion to Dismiss for lack of subject matter jurisdiction (doc. 18).  The Court

TERMINATES this case from the docket.

        SO ORDERED.

Date: February 28, 2008   <u>/s/ S. Arthur Spiegel           </u>
                                  S. Arthur Spiegel
                                  United States Senior District Judge